BAUER, Circuit Judge,
concurring.
The instruction given by the district court looks like many of the willfulness instructions given in. this Circuit. This may be due in part to the approach to willfulness that has been taken over the years by our Pattern Criminal Jury Instruction Committee — a Committee which, in the interest of full disclosure, I must confess to chairing since its inception. More specifically, while the view of the Committee has evolved on this issue, the views of district courts may not have.
While our pattern instructions include literally scores of instructions addressed to specific criminal statutes, we have not taken that approach with respect to willfulness instructions. Rather, at least since the 1999 revision of the pattern criminal instructions, the Committee has declined to provide a pattern willfulness instruction. Instead, we have recommended that district judges specifically consider the statute charged in the case in deciding whether to define willfulness in a separate instruction and, if so, how to do so. See Seventh Circuit Federal Jury Instructions (Criminal) (West 1999) at § 4.09. As we concluded then, “it is rarely desirable to give a general definition of ‘willfully.’ If the statute uses the term and it must be defined, it should be defined in a manner tailoring it to the details of the particular offense charged.” Id. at 69. But that discussion was part of a lengthy Committee Comment in which we also quoted language from a number of cases and pattern instructions, some of which is similar to what the district court seems to have started with in this case.
Ten or more years later, as we revised the pattern criminal instructions, the feeling of the Committee was that the presence of our extensive comments and citations in 1999 had turned out to be somewhat inconsistent with our final point, which was that willfulness instructions must be “tailor[ed] to the details of the particular offense charged.” As a result, the latest version, while it still offers no pattern instruction, dispenses with the lengthy comment and citations. The Committee instead continues to decline to offer “a general definition of willfulness because the term is statute-specific.” See Seventh Circuit Pattern Federal Jury Instructions — Criminal at § 4.11 (Thompson Reuters 2012). As the instruction given in this case suggests, though, not everyone has thrown out their 1999 books. Language used in past cases, perhaps derived from one or more of the sources cited in our 1999 Committee Comment, has continued, as it were, to be passed down through the ages, becoming, in a sense, something of an unofficial pattern willfulness instruction even though the Circuit’s Committee *703 has tried to encourage customization, and to discourage pattern-like thinking, where willfulness is concerned.
This problem seems to me to be reflected in this case,- in which the instruction at issue adopted the familiar — indeed, the pattern-like — notion that acting willfully involves doing something known to be forbidden by the law. That concept, while important, seems to me to be the easy part. As our Committee has suggested, though, in defining willfulness, paramount attention must be paid to the statute itself. As the majority points out here, had that been done in this case, the precise legal duties addressed in the statute might have been set forth more completely and more accurately. The majority’s suggested version of the instruction has that virtue, though it may, in my view, not adequately account for other aspects of the issue.
I write separately to encourage district judges not to rely overmuch on general language that has been used in the past, but to start with, and focus on, the language of the relevant statute, and the way that statute defines the applicable legal duties and knowledge or intent requirements it imposes, before explaining, in that context, the consequence for the case of a finding that some aspect of proof of that duty or knowledge is lacking. I encourage my colleagues on the district court to heed our Committee’s view that, while there may be common notions in every willfulness instruction, there really can be no “pattern” instruction on that issue.
Further, under our normal way of preparing jury instructions in any given case, the burden is on the lawyers to prepare, tender, and argue for any proposed instruction. The judge listens to the arguments and selects, modifies, or rewrites the instructions. So our first admonition to the practicing bar: make sure the instructions you tender address the views this court has enunciated.